UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD AND<br>BUZZFEED INC.<br>　　　　Plaintiffs,<br><br>　v.<br><br>DEPARTMENT OF JUSTICE,<br>ET AL.<br>　　　　Defendants. | Civil Action No. 1:19-CV-01279-TJK |

# ELEVENTH JOINT STATUS REPORT

In accordance with the Court's Minute Order on May 14, 2021, the parties report as follows:

1. This is a Freedom of Information Act ("FOIA") case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from various subcomponents of the U.S. Department of Justice ("DOJ"),[1] as well as the Office of the Director of National Intelligence ("ODNI") (collectively, the "Government") generally regarding various aspects of the Mueller investigation.

2. Plaintiffs' Complaint, *see* ECF No. 1, contains allegations related to twenty-four different FOIA requests, many of which include multiple subparts, originally submitted to numerous DOJ subcomponents and ODNI over the last two years. *See* Answer at Exs. A-EEE, ECF No. 15.

---

[1] Including the Offices of the Attorney General ("OAG"), the Deputy Attorney General ("ODAG"), and the Special Counsel ("OSC"), as well as the Federal Bureau of Investigation ("FBI"), the National Security Division ("NSD"), the Office of Legal Counsel ("OLC"), and the Office of the Inspector General ("OIG").

1

3.     The first half of the twenty-four requests identified in the Complaint, *see* Compl. ¶¶ 6-59, are being addressed by DOJ's Office of Information Policy ("OIP"); four others were directed to the FBI, *see id.* ¶¶ 78-83, 91-96, 101-107, and 108-113; and two requests were directed at each of the following: NSD, *see id.* ¶¶ 60-63 and 72-77; OIG, *see id.* ¶¶ 64-67 and 87-90; OLC, *see id.* ¶¶ 68-71 and 114-116; and ODNI, *see id.* ¶¶ 84-86 and 97-100.

4.     The Parties have filed ten previous Joint Status Reports. In the First JSR, filed on August 5, 2019, Defendants reported on the status of their searches and provided schedules for the anticipated completion dates for those searches. *See* ECF No. 16. In the prior ten JSRs, the last of which was filed on May 14, 2021, Defendants updated those schedules. *See* ECF Nos. 18, 20, 21, 22, 23, 30, 31, 32 and 33. Defendants continue to work on the various requests at issue and provide the following updates:

   a. OIP

      i. OIP has provided an interim response to Plaintiffs for half of the requests submitted to it as relevant to this litigation, specifically:[2]

         1. Request No. DOJ-2019-003142, *see* Compl. ¶¶ 14-18 and Answer ¶¶ 14-18 & Exs. E-F, on September 6, 2019;

         2. Request No. DOJ-2019-003213, *see* Compl. ¶¶ 19-23 and Answer ¶¶ 19-23 & Exs. G-H, on September 6, 2019;

         3. Request No. DOJ-2019-003282, *see* Compl. ¶¶ 24-28 and Answer ¶¶ 24-28 & Exs. I-J, on October 7, 2019;

---

[2] DOJ OIP uses the term "interim response" in this JSR to mean "not final" as to all requests to DOJ OIP at issue in this litigation. But, with respect to the particular request identified, the "interim response" is "final" for that particular request.

2

  4. Request No. DOJ-2019-001660, *see* Compl. ¶¶ 48-51 and Answer ¶¶ 48-51 & Exs. S-T, on October 7, 2019;

  5. Request No. DOJ-2019-003135, *see* Compl. ¶¶ 39-43 and Answer ¶¶ 39-43 & Exs. O-P, on December 20, 2019; and

  6. Request No. DOJ-2018-007532, *see* Compl. ¶¶ 52-55 and Answer ¶¶ 52-55 & Exs. U-V, on February 20, 2020.

 ii. Regarding the remaining half of the requests submitted to OIP as relevant to this litigation, the Parties agreed to the following schedule for proceeding forward. Defendants have updated the below to indicate their progress:

  1. Before continuing to process its own requests,[3] OIP agreed to process those records referred to it by March 31, 2020, from other DOJ subcomponents regarding requests that are the subject of this litigation. At the time, OIP had received approximately 655 pages of records referred to it by FBI, OIG, NSD, and OLC. OIP agreed to first process records referred to it by the FBI by April 30, 2020. OIP did so and provided Plaintiffs with a Fifth Interim Response on April 30, 2020. OIP also agreed to process 150 pages of records per month for

---

[3] By "process," OIP means completing its internal review of pages containing records responsive to each request. OIP cannot guarantee that any pages requiring consultation from other DOJ components or Executive Branch agencies will be completed in the same month that OIP finishes processing a response. Any pages that do not require consultation, as well as those pages for which the consultation has been completed, will be provided to Plaintiffs on the given production date (including a count of any pages that are withheld in full).

the months of May and June, 2020.  In accordance with its agreement, OIP provided Plaintiffs with its Sixth Interim Response on May 29, 2020 and provided Plaintiffs with its Seventh Interim response on June 30, 2020.  The Parties agreed to reassess this processing rate by June 30, 2020.  Prior to June 30, OIP, via counsel, informed Plaintiffs that nothing had changed in the last three months to permit OIP to increase its processing rate.  In the Parties' Fifth JSR, OIP agreed to process 150 records for the months of July and August.  In accordance with the Fifth JSR, OIP provided Plaintiffs with its Eighth Interim Response on July 30, 2020, and its Ninth Interim Response on August 31, 2020.  In the Parties' Sixth JSR, OIP noted that it had received additional referrals from OIG after May 2020, totaling 465 pages, and that it planned to use its best efforts to process those pages at the rate of 150 pages per month.  Under such a schedule, OIP projected that it would finish processing those referred pages by the end of December 2020.  In the Parties' Seventh JSR, OIP noted that it had provided Plaintiffs with its Tenth Interim Response on September 30, 2020, and its Eleventh Interim Response on October 30, 2020, and that OIP was still on schedule to finish processing the pages referred to it by OIG by the end of December 2020.  In the Parties' Eighth JSR, OIP stated that it

had provided Plaintiffs with its Twelfth Interim Response on November 30, 2020, and its Thirteenth Interim Response on December 31, 2020. With its Thirteenth Interim Response, OIP had processed all records referred to OIP by OIG as of January 15, 2021. OIP also reported that on December 7, 2020 and January 7, 2021, OLC referred records to OIP for processing. In the Parties' Ninth JSR, OIP stated that it had provided Plaintiffs with its Fourteenth Interim Response on January 29, 2021 and its Fifteenth Interim Response on February 26, 2021. In the Parties Tenth JSR, OIP states that it had provided Plaintiffs with its Sixteenth Interim Response on March 31, 2021, and its Seventeenth Interim Response on April 30, 2021. OIP additionally reported that it had received referrals from OLC on February 8, 2021, March 8, 2021, April 9, 2021, and May 11, 2021, and agreed to continue to use its best efforts to process those records on a monthly basis.

    a. **Update**: since the filing of the Tenth JSR, OIP provided Plaintiffs with its Eighteenth Interim Response on June 1, 2021, and its Nineteenth Interim Response on July 1, 2021. OIP has received additional referrals from OLC, including on June 9, 2021, and July 9, 2021, and agrees to continue to use its best efforts to process those records on a monthly basis.

2. Once step 1 is complete, OIP will move on to process records responsive to Request Nos. DOJ-2019-001757 & 58, *see* Compl. ¶¶ 7 & 10 and Answer ¶¶ 7 & 10, each of which contain five subparts.[4] OIP has completed its initial search for those requests. The search resulted in 747 potentially responsive documents. OIP will use its best efforts to conduct its responsiveness review to identify all responsive records and process any responsive records that are identified on a monthly basis.

3. Once step 2 is complete, OIP will next process records responsive to Request No. DOJ-2018-007535 (subsuming 008221, 008222, 008223, & 008224) *see* Compl. ¶¶ 56-59 and Answer ¶¶ 56-59 & Exs. W-X. OIP has completed its initial search for this request. The search resulted in 592 potentially responsive documents. Once step 2 is complete, OIP will use its best efforts to conduct its responsiveness review to identify all responsive records and process any responsive records that are identified on a monthly basis.

4. Once step 3 is complete, OIP will next process records responsive to Request No. DOJ-2019-000783, *see* Compl. ¶¶

---

[4] Plaintiffs mistakenly identified the number assigned to the request submitted to DOJ on March 28, 2019, *see* Compl. ¶ 10, as DOJ-2019-003320. Plaintiffs have confirmed that the correct numbers assigned to the substance of the requests alleged in Paragraph 10 of the Complaint are DOJ-2019-001757 & 58, *see* Compl. ¶ 7. *See also* Answer Exs. A-1, A-2.

6

44-47 and Answer ¶¶ 44-47 & Exs. Q-R.  OIP has completed its initial searches for 8 of the 24 terms set forth in the request (Plaintiffs have agreed to drop the remaining 16 terms from its request, contingent upon the Parties reaching an agreement on a reasonable processing rate).  OIP has identified 548 potentially responsive records, which likely translates to thousands of pages of records.  Once step 3 is complete, OIP will use its best efforts to complete its responsiveness review, de-duplicate the documents, and process any responsive records that are identified on a monthly basis.

5. Once step 4 is complete, OIP will next process records responsive to the three subparts of Request No. DOJ-2019-003295, *see* Compl. ¶¶ 29-33 and Answer ¶¶ 29-33 & Exs. K-L 5.  OIP has completed its initial search for those requests.  The search resulted in 64,610 potentially responsive documents for subpart 1, 43,124 potentially responsive documents for subpart 2, and 5,279 potentially responsive documents for subpart 3, but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate.  (Plaintiffs have also agreed to drop subpart 1 from its request and to limit subpart 2 to a cutoff date of April 18, 2019, instead of the date of the search, contingent upon the Parties reaching an agreement on a reasonable processing rate.)

7

    Once step 4 is complete, OIP will use its best efforts to conduct its responsiveness review to identify all responsive records and process any responsive records that are identified on a monthly basis.

6. Once step 5 is complete, OIP will next process records responsive to Request No. DOJ-2019-003452, *see* Compl. ¶¶ 34-38 and Answer ¶¶ 34-38 & Exs. M-N, which has three subparts. OIP has completed its initial searches for subparts 1 and 2. Those initial searches have returned volumes of 8,117 potentially responsive documents (subpart 1) and 58,959 potentially responsive documents (subpart 2), but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate. (Plaintiffs have also agreed to limit subpart 2 to a cutoff date of April 18, 2019, instead of the date of the search, contingent upon the Parties reaching an agreement on a reasonable processing rate.) The search for subpart 3 was completed on the date of this filing and returned 194,466 documents, but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate. The Parties will meet and confer about the scope of subpart 3 of this request.

b. FBI

   i. With respect to the four requests directed at the FBI, the FBI completed its search and provided a response on January 31, 2020, with one exception:

   1. For Request No. 1368241-000, *see* Compl. ¶¶ 78-83 and Answer ¶¶ 78-83 & Exs. HH-KK, the FBI anticipated reviewing approximately 500 potentially responsive pages per month, with the first production of any responsive, non-exempt records on March 31, 2020. However, as previously reported, due to the COVID-19 virus, the FBI's FOIA processing section, the Record/Information Dissemination Section ("RIDS"), ceased processing on March 17, 2020. On April 29, 2020, RIDS resumed operations on a very limited basis. By letter dated May 29, 2020, the FBI processed 35 pages and released the non-exempt portions thereof to Plaintiffs. On June 8, 2020, RIDS resumed full operations. By letter dated June 30, 2020, the FBI processed 164 pages and released the non-exempt portions thereof (7 pages). The FBI had anticipated completing its processing for this litigation by September 30, 2020.[5] However, during the processing of the responsive records, the FBI identified an additional, potentially responsive

---

[5] The September 30 completion date did not include the release of pages that the FBI provided to other government agencies for consult. Those pages are being processed and released (as appropriate) to Plaintiffs once they are returned to the FBI.

record, and determined that further searching was required.[6] Meanwhile, on September 18, 2020, the FBI processed 41 pages and released the non-exempt portions thereof (28 pages). In the Seventh JSR, the FBI agreed to use its best efforts to complete its responsiveness review by November 30, 2020, and to thereafter assess the results and suggest a processing schedule to Plaintiffs. In the Eighth JSR, the FBI reported that on November 30, 2020, the FBI informed Plaintiffs that it had finished its responsiveness review and identified a potentially responsive page count estimated to be approximately 350 pages, which may fluctuate in the course of processing. The FBI proposed to use its best efforts to complete this processing by February 26, 2021. However, on December 7, 2020, in response to the resurgence of COVID-19, the FBI FOIA office reduced its staffing by approximately 50%. Due to this reduction in staffing, the FBI reported that it anticipated processing approximately 175 pages of records by February 26, 2021, and processing the remainder by March 30, 2021.

  a. **Update**: On February 26, 2021, the FBI notified Plaintiffs that it had processed 179 pages and was releasing to Plaintiffs 18 pages of records with

---

[6] The FBI has since completed the additional searching and reviewed the results for responsiveness.

redactions. On March 31, 2021, the FBI notified Plaintiffs that it had completed processing the remaining 168 pages and was releasing 7 pages of records with redactions. The FBI sent some of the records it had processed for consultation to other government agencies. On April 30, 2021, FBI notified Plaintiffs that it had received a portion of those records back and released one page to Plaintiffs with redactions. The FBI is still awaiting the return of the remainder of the records it sent for consult; the majority of those records exist on classified systems and may take longer to return. The FBI will release or withhold those records, as appropriate, upon their return.

c. DOJ NSD

   i. DOJ NSD Request No. PA 18-125, *see* Compl. ¶¶ 60-63 and Answer ¶¶ 60-63 & Exs. Y-Z:

   1. DOJ NSD completed its search and provided interim responses on October 31, 2019, December 23, 2019, and February 21, 2020. NSD referred 125 pages to DOJ OIP on March 27, 2020. OIP processed 29 pages and released all nonexempt portions thereof (4 pages) to Plaintiffs on July 30, 2020 as part of its Eighth Interim Response. OIP processed the remaining 96 pages and release all nonexempt portions thereof (42 pages)

    as part of its Ninth Interim Response on August 31, 2020.

    NSD issued its final response to Plaintiffs on October 30, 2020.

  ii. DOJ NSD Request No. PA 18-317, *see* Compl. ¶¶ 72-77; Answer ¶¶ 72-77 & Exs. EE-GG:

    1. NSD issued a final response to Plaintiffs on October 15, 2019.

d. DOJ OLC

 i. DOJ OLC No. FY18-192, *see* Compl. ¶¶ 68-71; Answer ¶¶ 68-71 and 114-116 & Exs. CC-DD:

    1. This request seeks a subset of the records sought in part 1 of Request No. FY19-127, addressed below.

 ii. DOJ OLC No. FY19-127, Compl. ¶¶ 114-116; Answer ¶¶ 114-116 & Exs. DDD-EEE:

    1. OLC has completed its initial search for records to both parts of this request.

    2. OLC has identified records responsive to subpart 1 of the request. OLC has processed these records, withholding some in full and referring the remainder to DOJ OIP for its review as of the date of this filing.

    3. OLC has identified more than 5,000 records potentially responsive to subpart 2 of the request. OLC is processing the resulting responsive records. On September 14, 2020, OLC issued a partial response to Plaintiffs in which it stated that it had processed 61 responsive documents, totaling 260 pages,

was releasing 33 documents totaling 65 pages, with redactions pursuant to FOIA Exemptions 5 and 6, and was withholding in full the remaining 28 documents totaling 195 pages pursuant to Exemption 5.  In the Seventh JSR, OLC noted that it was continuing to process responsive records and would do so on a monthly basis.  In the Eighth JSR, OLC reported that on December 7, 2020, it issued a partial response to Plaintiffs in which it stated that it had processed 27 responsive documents, totaling 306 pages, was withholding three documents totaling eight pages in full pursuant to FOIA Exemption 5, and had referred 24 documents totaling 298 pages to OIP for direct response to Plaintiffs.  On January 7, 2021, OLC issued another partial response to Plaintiffs in which it stated that it had processed 57 responsive documents, totaling 342 pages, was releasing 7 documents totaling 9 pages, with redactions pursuant to FOIA Exemptions 5 and 6, and had referred the remaining 50 responsive documents totaling 333 pages to OIP for direct response to Plaintiffs.  OLC agreed to continue to use its best efforts to process responsive records on a monthly basis.

    a.  **Update**:  On February 7, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 77 responsive documents, totaling 230 pages,

had referred 75 pages of the responsive documents totaling 230 pages to OIP for direct response to Plaintiffs, and had withheld the remaining two responsive documents totaling 19 pages pursuant to FOIA Exemption 5.  On March 8, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 65 responsive documents, totaling 234 pages, was releasing 2 documents totaling 3 pages, with redactions pursuant to FOIA Exemptions 5 and 6, and had referred the remaining 63 responsive documents totaling 231 pages to OIP for direct response to Plaintiffs.  On April 9, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 50 responsive documents, totaling 143 pages, had referred 37 responsive documents totaling 110 pages to OIP for direct response to Plaintiffs, and had withheld in full 13 documents totaling 33 pages pursuant to FOIA Exemption 5.  On May 11, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 73 responsive documents, totaling 205 pages, and had referred all 205 pages to OIP for direct response to Plaintiffs.  On June 9, 2021, OLC issued a partial response to Plaintiffs in which it

stated that it had processed 47 responsive documents, totaling 158 pages, and had referred all 47 documents to OIP for direct response to Plaintiffs. On July 9, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 19 responsive documents, totaling 165 pages, had referred 17 documents totaling 135 to OIP for direct response to Plaintiffs, and had withheld in full 2 documents totaling 30 pages pursuant to FOIA Exemption 5. OLC agrees to continue to use its best efforts to process records on a monthly basis.

e. DOJ OIG

  i. DOJ-OIG No. 18-OIG-183, *see* Compl. ¶¶ 64-67 and Answer ¶¶ 64-67 & Exs. AA-BB:

   1. OIG completed its search for potentially responsive, unclassified records and issued an interim response on December 23, 2019. OIG then processed potentially responsive, unclassified material and provided five productions to OIP for pre-release review: 91 pages (sent on March 27, 2020), 82 pages (sent on May 14, 2020), 97 pages (sent on June 26, 2020), 176 pages (July production, sent to OIP on August 24, 2020, due to OIG deliberation) and 192 (sent August 24, 2020), for a total of 638 pages. In the Eighth JSR, OIG reported that it had completed additional processing steps

on all 638 pages after consultation with OIP and that OIP had finalized the processing of all 638 pages. OIG agreed to process a last tranche of 168 pages of potentially responsive, unclassified material by the end of January 2021. OIG processed the last tranche of 168 pages of potentially responsive, unclassified material and provided it to OIP for pre-release review on January 27, 2021. This concluded OIG's processing for unclassified material responsive to DOJ-OIG No. 18-OIG-183.

2. OIG has completed its search for potentially responsive, classified records and found 94 pages classified at the Top Secret level. OIG will review the material and produce any responsive, non-exempt material at a future date. In response to the COVID-19 crisis, OIG is (and has been since at least March) in a maximum telework posture and is only authorizing personnel to go to the office to perform mission critical functions. Since shifting to maximum telework, OIG has not considered the review of documents in a SCIF in OIG's offices for FOIA processing purposes to be a mission critical function. OIG's position has not, as of yet, changed in this regard. Therefore, while OIG has identified the potentially responsive records for this request, at this time, it is not in a position to

       process those records. OIG will apprise Plaintiffs and the Court as soon as circumstances allow for processing to begin.

    ii. DOJ-OIG, No. 17-OIG-226, *see* Compl. ¶¶ 87-90; and Answer ¶¶ 87-90 & Exs. NN-OO:

      1. OIG provided a final response to Plaintiffs on July 14, 2017. *See* Answer at Ex. OO.

 f. ODNI

    i. Regarding the two requests directed at ODNI, *see* Compl. ¶¶ 84-86 and 97-100; Answer ¶¶ 84-86 and 97-100 & Exs. LL-MM and TT-UU, ODNI provided its final response to Plaintiffs on October 16, 2019.

5. In light of the Parties' ongoing discussions, the Government's continued efforts to search for, review, process, and produce non-exempt records responsive to the requests alleged in the Complaint, and the current COVID-19 environment, the Parties believe it is premature to establish a briefing schedule for this litigation. Instead, they will file another joint status report with the Court on September 16, 2021, pursuant to the Court's May 14, 2021, Minute Order requiring the parties to submit status reports every 60 days.

DATE: July 14, 2021                         Respectfully submitted,

/s/ *Matthew V. Topic*
Matthew Topic
Merrick Wayne
(E-Mail: foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
Bar Nos. IL0037 and IL0058

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs

/s/ *Jonathan D. Kossak*

JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 305-0612
Fax (202) 616-8470
Email: jonathan.kossak@usdoj.gov

*Counsel for Defendants*