**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JASON LEOPOLD AND )
BUZZFEED INC. )
               Plaintiffs, )
               )       Civil Action No.  1:19-CV-01279-TJK
      v. )
               )
DEPARTMENT OF JUSTICE, )
ET AL. )
             Defendants. )
                        )

**SEVENTEENTH JOINT STATUS REPORT**

In accordance with the Court's Minute Order on May 14, 2021, requiring the parties to file a further joint status report every 60 days, and the parties' Sixteenth Joint Status Report, the parties report as follows:

      1.      This is a Freedom of Information Act ("FOIA") case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from various subcomponents of the U.S. Department of Justice ("DOJ"),[1] as well as the Office of the Director of National Intelligence ("ODNI") (collectively, the "Government") generally regarding various aspects of the Mueller investigation.

      2.      Plaintiffs' Complaint, *see* ECF No. 1, contains allegations related to twenty-four different FOIA requests, many of which include multiple subparts, originally submitted to numerous DOJ subcomponents and ODNI.  *See* Answer at Exs. A-EEE, ECF No. 15.

---

[1] Including the Offices of the Attorney General ("OAG"), the Deputy Attorney General ("ODAG"), and the Special Counsel ("OSC"), as well as the Federal Bureau of Investigation ("FBI"), the National Security Division ("NSD"), the Office of Legal Counsel ("OLC"), and the Office of the Inspector General ("OIG").

3.      The first half of the twenty-four requests identified in the Complaint, *see* Compl.

¶¶ 6-59, are being addressed by DOJ's Office of Information Policy ("OIP"); four others were

directed to the FBI, *see id.* ¶¶ 78-83, 91-96, 101-107, and 108-113; and two requests were

directed at each of the following:  NSD, *see id.* ¶¶ 60-63 and 72-77; OIG, *see id.* ¶¶ 64-67 and

87-90; OLC, *see id.* ¶¶ 68-71 and 114-116; and ODNI, *see id.* ¶¶ 84-86 and 97-100.

4.      The parties have filed sixteen previous Joint Status Reports.  In the First JSR,

filed on August 5, 2019, Defendants reported on the status of their searches and provided

schedules for the anticipated completion dates for those searches.  *See* ECF No. 16.  In the

subsequent fourteen JSRs, the last of which was filed on May 18, 2022, Defendants updated

those schedules.  *See* ECF Nos. 18, 20, 21, 22, 23, 30, 31, 32, 33, 34, 35, 37, 39, and 40.

Defendants continue to work on the various requests at issue and provide the following updates:

    a.  OIP

        i.  OIP has provided an interim response to Plaintiffs for half of the

           requests submitted to it as relevant to this litigation, specifically:[2]

           1.  Request No. DOJ-2019-003142, *see* Compl. ¶¶ 14-18 and

              Answer ¶¶ 14-18 & Exs. E-F, on September 6, 2019;

           2.  Request No. DOJ-2019-003213, *see* Compl. ¶¶ 19-23 and

              Answer ¶¶ 19-23 & Exs. G-H, on September 6, 2019;

           3.  Request No. DOJ-2019-003282, *see* Compl. ¶¶ 24-28 and

              Answer ¶¶ 24-28 & Exs. I-J, on October 7, 2019;

---

[2] DOJ OIP uses the term "interim response" in this JSR to mean "not final" as to all requests to
DOJ OIP at issue in this litigation.  But, with respect to the particular request identified, the
"interim response" is "final" for that particular request.

    4.   Request No. DOJ-2019-001660, *see* Compl. ¶¶ 48-51 and

         Answer ¶¶ 48-51 & Exs. S-T, on October 7, 2019;

    5.   Request No. DOJ-2019-003135, *see* Compl. ¶¶ 39-43 and

         Answer ¶¶ 39-43 & Exs. O-P, on December 20, 2019; and

    6.   Request No. DOJ-2018-007532, *see* Compl. ¶¶ 52-55 and

         Answer ¶¶ 52-55 & Exs. U-V, on February 20, 2020.

  ii.  Regarding the remaining half of the requests submitted to OIP as

relevant to this litigation, the parties agreed to the following schedule

for proceeding forward.  Defendants have updated the below to

indicate their progress:

    1.   Before continuing to process its own requests,[3] OIP agreed to

         process those records referred to it by March 31, 2020, from

         other DOJ subcomponents regarding requests that are the

         subject of this litigation.  At the time, OIP had received

         approximately 655 pages of records referred to it by FBI, OIG,

         NSD, and OLC.  OIP agreed to first process records referred to

         it by the FBI by April 30, 2020.  OIP did so and provided

         Plaintiffs with a Fifth Interim Response on April 30, 2020.

         OIP also agreed to process 150 pages of records per month for

---

[3] By "process," OIP means completing its internal review of pages containing records responsive to each request.  OIP cannot guarantee that any pages requiring consultation from other DOJ components or Executive Branch agencies will be completed in the same month that OIP finishes processing a response.  Any pages that do not require consultation, as well as those pages for which the consultation has been completed, will be provided to Plaintiffs on the given production date (including a count of any pages that are withheld in full).

the months of May and June, 2020.  In accordance with its agreement, OIP provided Plaintiffs with its Sixth Interim Response on May 29, 2020 and provided Plaintiffs with its Seventh Interim response on June 30, 2020.  The parties agreed to reassess this processing rate by June 30, 2020.  Prior to June 30, OIP, via counsel, informed Plaintiffs that nothing had changed in the last three months to permit OIP to increase its processing rate.  In the parties' Fifth JSR, OIP agreed to process 150 records for the months of July and August.  In accordance with the Fifth JSR, OIP provided Plaintiffs with its Eighth Interim Response on July 30, 2020, and its Ninth Interim Response on August 31, 2020.  In the parties' Sixth JSR, OIP noted that it had received additional referrals from OIG after May 2020, totaling 465 pages, and that it planned to use its best efforts to process those pages at the rate of 150 pages per month.  Under such a schedule, OIP projected that it would finish processing those referred pages by the end of December 2020.  In the parties' Seventh JSR, OIP noted that it had provided Plaintiffs with its Tenth Interim Response on September 30, 2020, and its Eleventh Interim Response on October 30, 2020, and that OIP was still on schedule to finish processing the pages referred to it by OIG by the end of December 2020.  In the parties' Eighth JSR, OIP stated that it

4

had provided Plaintiffs with its Twelfth Interim Response on

November 30, 2020, and its Thirteenth Interim Response on

December 31, 2020.  With its Thirteenth Interim Response,

OIP had processed all records referred to OIP by OIG as of

January 15, 2021.  OIP also reported that on December 7, 2020

and January 7, 2021, OLC referred records to OIP for

processing.  In the parties' Ninth JSR, OIP stated that it had

provided Plaintiffs with its Fourteenth Interim Response on

January 29, 2021 and its Fifteenth Interim Response on

February 26, 2021.  In the parties' Tenth JSR, OIP stated that it

had provided Plaintiffs with its Sixteenth Interim Response on

March 31, 2021, and its Seventeenth Interim Response on

April 30, 2021.  OIP additionally reported that it had received

referrals from OLC on February 8, 2021, March 8, 2021, April

9, 2021, and May 11, 2021, and agreed to continue to use its

best efforts to process those records on a monthly basis.  In the

parties' Eleventh JSR, OIP stated that it had provided Plaintiffs

with its Eighteenth Interim Response on June 1, 2021, and its

Nineteenth Interim Response on July 1, 2021, and that it had

received additional referrals from OLC, including on June 9,

2021, and July 9, 2021, and agreed to continue to use its best

efforts to process those records on a monthly basis.  In the

parties' Twelfth JSR, OIP stated it had provided Plaintiffs with

its Twentieth Interim Response on July 30, 2021 and its

Twenty-First Interim Response on September 8, 2021, and that

it had completed processing the referrals it received from OLC,

except for certain pages pending consultation with other

Department components and/or Executive Branch agencies.

OIP stated that it would provide a response on these pages once

the consultation process is completed.

    a.  **Update**:  in its Twelfth Interim Response letter dated

        November 30, 2020, OIP informed Plaintiffs that fifty-

        nine (59) pages were pending consultation with another

        DOJ component.  On November 23, 2021, in its

        Twenty-Fourth Interim Response, OIP notified

        Plaintiffs that the consultations were complete and

        provided its response on those pages to Plaintiffs.

2.  With step 1 complete, OIP has moved on to process records

    responsive to Request Nos. DOJ-2019-001757 & 58, *see*

    Compl. ¶¶ 7 & 10 and Answer ¶¶ 7 & 10, each of which

    contain five subparts.[4]  OIP completed its initial search for

    those requests, which resulted in 747 potentially responsive

    documents.  OIP provided Plaintiffs with its Twenty-Second

---

[4] Plaintiffs mistakenly identified the number assigned to the request submitted to DOJ on March 28, 2019, *see* Compl. ¶ 10, as DOJ-2019-003320.  Plaintiffs have confirmed that the correct numbers assigned to the substance of the requests alleged in Paragraph 10 of the Complaint are DOJ-2019-001757 & 58, *see* Compl. ¶ 7.  *See also* Answer Exs. A-1, A-2.

Interim Response on September 30, 2021, and its Twenty-
Third Interim Response on October 29, 2021.  OIP has now
completed its processing of step 2, with the exception of 58
pages that are still pending consultation with other Department
components.  OIP will provide a response on these pages once
the consultation process is completed.

3.  With step 2 almost complete pending the consultation
referenced above, OIP moved on to process records responsive
to Request No. DOJ-2018-007535 (subsuming 008221,
008222, 008223, & 008224) *see* Compl. ¶¶ 56-59 and Answer
¶¶ 56-59 & Exs. W-X.  OIP completed its initial search for this
request, which resulted in 592 potentially responsive
documents.  OIP determined that 267 pages contained
responsive records.  On January 4, 2022, OIP provided
Plaintiffs with its Twenty-Fifth Interim Response in which it
released twenty-five (25) pages with redactions, eliminated five
pages as duplicative, and informed Plaintiffs that the remaining
237 pages are pending consultation with another DOJ
component.   OIP will provide a response on these pages once
the consultation process is completed.

4.  With step 3 almost complete pending the consultation
referenced above, OIP will next process records responsive to
Request No. DOJ-2019-000783, *see* Compl. ¶¶ 44-47 and

Answer ¶¶ 44-47 & Exs. Q-R.  OIP has completed its initial

searches for 8 of the 24 terms set forth in the request (Plaintiffs

have agreed to drop the remaining 16 terms from its request,

contingent upon the parties reaching an agreement on a

reasonable processing rate).  OIP has identified 548 potentially

responsive records, containing 3,843 potentially responsive

pages.  On March 4, 2022, OIP provided Plaintiffs with its

Twenty-Sixth Interim Response in which it stated that it had

processed 306 pages of responsive records, released 260 pages

with redactions, withheld 25 pages in full, and sent 21 pages

for consultation with another DOJ component and/or Executive

Branch agency.  On March 31, 2022, OIP provided Plaintiffs

with its Twenty-Seventh Interim Response in which it stated

that it had processed 293 pages of responsive records, released

172 pages with redactions, sent 119 pages for consultation with

another DOJ component and/or Executive Branch agency, and

deemed 2 pages as duplicative.  On May 2, 2022, OIP provided

Plaintiffs with its Twenty-Eighth Interim Response in which it

stated that it had processed 597 pages of responsive records,

released 591 pages with redactions, and sent 6 pages for

consultation with another DOJ component and/or Executive

Branch agency.  On June 6, 2022, OIP provided Plaintiffs with

its Twenty-Ninth Interim Response in which it stated that it had

processed 257 pages, released 39 pages with redactions, and sent 218 pages for consultation with another DOJ component and/or Executive Branch agency. On July 6, 2022, OIP provided Plaintiffs with its Thirtieth Interim Response in which it stated that it had processed 206 pages, released 116 pages with redactions, and sent 90 pages for consultation with another DOJ component and/or Executive Branch agency. OIP will continue to process pages responsive to this request on a monthly basis and as the consultation process allows.

5.  Once step 4 is complete, OIP will next process records responsive to the three subparts of Request No. DOJ-2019-003295, *see* Compl. ¶¶ 29-33 and Answer ¶¶ 29-33 & Exs. K-L 5. OIP has completed its initial search for those requests. The search resulted in 64,610 potentially responsive documents for subpart 1, 43,124 potentially responsive documents for subpart 2, and 5,279 potentially responsive documents for subpart 3, but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate. (Plaintiffs have also agreed to drop subpart 1 from its request and to limit subpart 2 to a cutoff date of April 18, 2019, instead of the date of the search, contingent upon the parties reaching an agreement on a reasonable processing rate.).

6.  Once step 5 is complete, OIP will next process records responsive to Request No. DOJ-2019-003452, *see* Compl. ¶¶ 34-38 and Answer ¶¶ 34-38 & Exs. M-N, which has three subparts. OIP has completed its initial searches for subparts 1 and 2.  Those initial searches have returned volumes of 8,117 potentially responsive documents (subpart 1) and 58,959 potentially responsive documents (subpart 2), but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate. (Plaintiffs have also agreed to limit subpart 2 to a cutoff date of April 18, 2019, instead of the date of the search, contingent upon the parties reaching an agreement on a reasonable processing rate.)  The search for subpart 3 was completed on the date of this filing and returned 194,466 documents, but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate.  The parties will meet and confer about the scope of subpart 3 of this request.

b.  FBI

    i.  With respect to the four requests directed at the FBI, the FBI completed its search and provided a response on January 31, 2020, with one exception:

1. For Request No. 1368241-000, *see* Compl. ¶¶ 78-83 and

   Answer ¶¶ 78-83 & Exs. HH-KK, the FBI anticipated

   reviewing approximately 500 potentially responsive pages per

   month, with the first production of any responsive, non-exempt

   records on March 31, 2020.  However, as previously reported,

   due to the COVID-19 virus, the FBI's FOIA processing

   section, the Record/Information Dissemination Section

   ("RIDS"), ceased processing on March 17, 2020.  On April 29,

   2020, RIDS resumed operations on a very limited basis.  By

   letter dated May 29, 2020, the FBI processed 35 pages and

   released the non-exempt portions thereof to Plaintiffs.  On June

   8, 2020, RIDS resumed full operations.  By letter dated June

   30, 2020, the FBI processed 164 pages and released the non-

   exempt portions thereof (7 pages).  The FBI had anticipated

   completing its processing for this litigation by September 30,

   2020.  However, during the processing of the responsive

   records, the FBI identified an additional, potentially responsive

   record, and determined that further searching was required.[5]

   Meanwhile, on September 18, 2020, the FBI processed 41

   pages and released the non-exempt portions thereof (28 pages).

   In the Seventh JSR, the FBI agreed to use its best efforts to

---

[5] The FBI has since completed the additional searching and reviewed the results for
responsiveness.

complete its responsiveness review by November 30, 2020, and to thereafter assess the results and suggest a processing schedule to Plaintiffs.  In the Eighth JSR, the FBI reported that on November 30, 2020, the FBI informed Plaintiffs that it had finished its responsiveness review and identified a potentially responsive page count estimated to be approximately 350 pages, which may fluctuate in the course of processing.  The FBI proposed to use its best efforts to complete this processing by February 26, 2021.  However, on December 7, 2020, in response to the resurgence of COVID-19, the FBI FOIA office reduced its staffing by approximately 50%.  Due to this reduction in staffing, the FBI reported that it anticipated processing approximately 175 pages of records by February 26, 2021, and processing the remainder by March 30, 2021.

2. On February 26, 2021, the FBI notified Plaintiffs that it had processed 179 pages and was releasing to Plaintiffs 18 pages of records with redactions.  On March 31, 2021, the FBI notified Plaintiffs that it had completed processing the remaining 168 pages and was releasing 7 pages of records with redactions. The FBI sent some of the records it had processed for consultation to other government agencies.  On April 30, 2021, FBI notified Plaintiffs that it had received a portion of those records back and released one page to Plaintiffs with

redactions.  On August 31, 2021, the FBI notified Plaintiffs

that it had received another portion of those records back from

consultation, had processed 65 pages and were withholding all

in full.  As of the filing of the parties' Twelfth JSR, the FBI

was still awaiting the return of 16 pages of records it sent for

consult.  On October 29, 2021, the FBI notified Plaintiffs that it

had completed processing ten of the sixteen pages and was

releasing one of those ten pages with redactions.  The FBI

reported that it had received the other six pages and anticipated

completing its processing of those pages by the end of this

March 2022.  Further, FBI reported having received 127 pages

that it had previously sent out for consult and neglected to

account for in previous JSRs.  FBI anticipated that it could

complete this processing by the end of March 2022.

3. On October 15, 2021, the FBI received 94 pages directly

referred from OIG for processing.  FBI identified some

possible remaining OIG equities and has consulted with OIG to

address those concerns.  The FBI anticipated that it could

complete this processing by the end of May 2022.

   a. **Update**: on April 11, 2022, the FBI notified Plaintiffs

      that it had completed its processing of Request No.

      1368241-000.  With that release, the FBI notified

      Plaintiffs that it had reviewed 133 pages and released

45 pages with redactions, withholding the remainder in full.

4. The FBI has completed processing all records responsive to the requests directed at it in this litigation.  It received a tranche of records totaling 62 pages from OIP on consultation and, as was anticipated in the prior status report, completed the consultation by the end of June, and returned the records to OIP for final processing.  To the extent the FBI receives from the other Defendants in this litigation any potentially responsive records on consultation or as a direct referral, it will process those records in due course.

c.  DOJ NSD

   i.  DOJ NSD Request No. PA 18-125, *see* Compl. ¶¶ 60-63 and Answer ¶¶ 60-63 & Exs. Y-Z:

      1. DOJ NSD completed its search and provided interim responses on October 31, 2019, December 23, 2019, and February 21, 2020.  NSD referred 125 pages to DOJ OIP on March 27, 2020.  OIP processed 29 pages and released all nonexempt portions thereof (4 pages) to Plaintiffs on July 30, 2020 as part of its Eighth Interim Response.  OIP processed the remaining 96 pages and release all nonexempt portions thereof (42 pages) as part of its Ninth Interim Response on August 31, 2020.  NSD issued its final response to Plaintiffs on October 30, 2020.

      ii.   DOJ NSD Request No. PA 18-317, *see* Compl. ¶¶ 72-77; Answer

           ¶¶ 72-77 & Exs. EE-GG:

           1.   NSD issued a final response to Plaintiffs on October 15, 2019.

d.   DOJ OLC

      i.   DOJ OLC No. FY18-192, *see* Compl. ¶¶ 68-71; Answer ¶¶ 68-71 and

           114-116 & Exs. CC-DD:

           1.   This request seeks a subset of the records sought in part 1 of

               Request No. FY19-127, addressed below.

      ii.   DOJ OLC No. FY19-127, Compl. ¶¶ 114-116; Answer ¶¶ 114-116 &

           Exs. DDD-EEE:

           1.   OLC has completed its initial search for records to both parts

               of this request.

           2.   OLC has identified records responsive to subpart 1 of the

               request.  OLC has processed these records, withholding some

               in full and referring the remainder to DOJ OIP for its review as

               of the date of this filing.

           3.   OLC has identified more than 5,000 records potentially

               responsive to subpart 2 of the request.  OLC is processing the

               resulting responsive records.  On September 14, 2020, OLC

               issued a partial response to Plaintiffs in which it stated that it

               had processed 61 responsive documents, totaling 260 pages,

               was releasing 33 documents totaling 65 pages, with redactions

               pursuant to FOIA Exemptions 5 and 6, and was withholding in

full the remaining 28 documents totaling 195 pages pursuant to

Exemption 5.  In the Seventh JSR, OLC noted that it was

continuing to process responsive records and would do so on a

monthly basis.  In the Eighth JSR, OLC reported that on

December 7, 2020, it issued a partial response to Plaintiffs in

which it stated that it had processed 27 responsive documents,

totaling 306 pages, was withholding three documents totaling

eight pages in full pursuant to FOIA Exemption 5, and had

referred 24 documents totaling 298 pages to OIP for direct

response to Plaintiffs.  On January 7, 2021, OLC issued

another partial response to Plaintiffs in which it stated that it

had processed 57 responsive documents, totaling 342 pages,

was releasing 7 documents totaling 9 pages, with redactions

pursuant to FOIA Exemptions 5 and 6, and had referred the

remaining 50 responsive documents totaling 333 pages to OIP

for direct response to Plaintiffs.  OLC agreed to continue to use

its best efforts to process responsive records on a monthly

basis.

4.  On February 7, 2021, OLC issued a partial response to

Plaintiffs in which it stated that it had processed 77 responsive

documents, totaling 230 pages, had referred 75 pages of the

responsive documents totaling 230 pages to OIP for direct

response to Plaintiffs, and had withheld the remaining two

responsive documents totaling 19 pages pursuant to FOIA

Exemption 5.  On March 8, 2021, OLC issued a partial

response to Plaintiffs in which it stated that it had processed 65

responsive documents, totaling 234 pages, was releasing 2

documents totaling 3 pages, with redactions pursuant to FOIA

Exemptions 5 and 6, and had referred the remaining 63

responsive documents totaling 231 pages to OIP for direct

response to Plaintiffs.  On April 9, 2021, OLC issued a partial

response to Plaintiffs in which it stated that it had processed 50

responsive documents, totaling 143 pages, had referred 37

responsive documents totaling 110 pages to OIP for direct

response to Plaintiffs, and had withheld in full 13 documents

totaling 33 pages pursuant to FOIA Exemption 5.  On May 11,

2021, OLC issued a partial response to Plaintiffs in which it

stated that it had processed 73 responsive documents, totaling

205 pages, and had referred all 205 pages to OIP for direct

response to Plaintiffs.  On June 9, 2021, OLC issued a partial

response to Plaintiffs in which it stated that it had processed 47

responsive documents, totaling 158 pages, and had referred all

47 documents to OIP for direct response to Plaintiffs.  On July

9, 2021, OLC issued a partial response to Plaintiffs in which it

stated that it had processed 19 responsive documents, totaling

165 pages, had referred 17 documents totaling 135 to OIP for

direct response to Plaintiffs, and had withheld in full 2
documents totaling 30 pages pursuant to FOIA Exemption 5.

    a.  OLC has completed its initial processing of records
potentially responsive to subpart 2 of the request.  It is
awaiting receipt of thirty pages it sent for consultation
and will process those upon their return.

e.  DOJ OIG

    i.  DOJ-OIG No. 18-OIG-183, *see* Compl. ¶¶ 64-67 and Answer ¶¶ 64-67
& Exs. AA-BB:

      1.  OIG completed its search for potentially responsive,
unclassified records and issued an interim response on
December 23, 2019.  OIG then processed potentially
responsive, unclassified material and provided five productions
to OIP for pre-release review:  91 pages (sent on March 27,
2020), 82 pages (sent on May 14, 2020), 97 pages (sent on
June 26, 2020), 176 pages (July production, sent to OIP on
August 24, 2020, due to OIG deliberation) and 192 (sent
August 24, 2020), for a total of 638 pages.  In the Eighth JSR,
OIG reported that it had completed additional processing steps
on all 638 pages after consultation with OIP and that OIP had
finalized the processing of all 638 pages.  OIG agreed to
process a last tranche of 168 pages of potentially responsive,
unclassified material by the end of January 2021.  OIG

processed the last tranche of 168 pages of potentially

responsive, unclassified material and provided it to OIP for

pre-release review on January 27, 2021.  This concluded OIG's

processing for unclassified material responsive to DOJ-OIG

No. 18-OIG-183.

2. OIG completed its search for potentially responsive, classified

records and found 94 pages classified at the Top Secret level.

OIG processed all 94 pages and sent them out for direct referral

to the FBI.  The FBI identified possible OIG equities remaining

in those records and consulted further with OIG to address

those concerns.  OIG completed its additional review of its

equities in the 94 pages and returned the materials to FBI for

direct referral on February 17, 2022.  OIG has finished

processing this request.

ii. DOJ-OIG, No. 17-OIG-226, *see* Compl. ¶¶ 87-90; and Answer ¶¶ 87-

90 & Exs. NN-OO:

1. OIG provided a final response to Plaintiffs on July 14, 2017.

*See* Answer at Ex. OO.

f. ODNI

i. Regarding the two requests directed at ODNI, *see* Compl. ¶¶ 84-86

and 97-100; Answer ¶¶ 84-86 and 97-100 & Exs. LL-MM and TT-UU,

ODNI provided its final response to Plaintiffs on October 16, 2019.

5.      In light of the parties' ongoing discussions, and the Government's continued

efforts to search for, review, process, and produce non-exempt records responsive to the requests

alleged in the Complaint, the parties believe it is premature to establish a briefing schedule for

this litigation.  Instead, they will file another joint status report with the Court on **September 21,**

**2022**, pursuant to the Court's May 14, 2021, Minute Order.


DATE:  July 20, 2022                    Respectfully submitted,

                                         /s/ *Josh Loevy*
                                         Josh Loevy, D.C. Bar No. IL0105
                                         (E-Mail:  foia@loevy.com)
                                         LOEVY & LOEVY
                                         311 N. Aberdeen, Third Floor
                                         Chicago, Illinois 60607
                                         Tel.: (312) 243-5900
                                         Fax: (312) 243-5902

                                         *Counsel for Plaintiffs*

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General

                                         MARCIA BERMAN
                                         Assistant Branch Director, Federal Programs

                                         /s/ *Jonathan D. Kossak*

                                         JONATHAN D. KOSSAK
                                         Trial Attorney (DC Bar # 991478)
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, D.C. 20005
                                         Tel. (202) 305-0612
                                         Fax (202) 616-8470
                                         Email:  jonathan.kossak@usdoj.gov

                                         *Counsel for Defendants*