**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD AND | ) | |
| BUZZFEED INC. | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.  1:19-CV-01279-TJK |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| ET AL. | ) | |
| Defendants. | ) | |
| | ) | |

**EIGHTEENTH JOINT STATUS REPORT**

In accordance with the Court's Minute Order on May 14, 2021, requiring the parties to file a further joint status report every 60 days, and the parties' Seventeenth Joint Status Report, the parties report as follows:

1.     This is a Freedom of Information Act ("FOIA") case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from various subcomponents of the U.S. Department of Justice ("DOJ"),[1] as well as the Office of the Director of National Intelligence ("ODNI") (collectively, the "Government") generally regarding various aspects of the Mueller investigation.

2.     Plaintiffs' Complaint, *see* ECF No. 1, contains allegations related to twenty-four different FOIA requests, many of which include multiple subparts, originally submitted to numerous DOJ subcomponents and ODNI.  *See* Answer at Exs. A-EEE, ECF No. 15.

---

[1] Including the Offices of the Attorney General ("OAG"), the Deputy Attorney General ("ODAG"), and the Special Counsel ("OSC"), as well as the Federal Bureau of Investigation ("FBI"), the National Security Division ("NSD"), the Office of Legal Counsel ("OLC"), and the Office of the Inspector General ("OIG").

3.     The first half of the twenty-four requests identified in the Complaint, *see* Compl. ¶¶ 6-59, are being addressed by DOJ's Office of Information Policy ("OIP"); four others were directed to the FBI, *see id*. ¶¶ 78-83, 91-96, 101-107, and 108-113; and two requests were directed at each of the following:  NSD, *see id*. ¶¶ 60-63 and 72-77; OIG, *see id*. ¶¶ 64-67 and 87-90; OLC, *see id*. ¶¶ 68-71 and 114-116; and ODNI, *see id*. ¶¶ 84-86 and 97-100.

4.     The parties have filed sixteen previous Joint Status Reports.  In the First JSR, filed on August 5, 2019, Defendants reported on the status of their searches and provided schedules for the anticipated completion dates for those searches.  *See* ECF No. 16.  In the subsequent fourteen JSRs, the last of which was filed on July 20, 2022, Defendants updated those schedules.  *See* ECF Nos. 18, 20, 21, 22, 23, 30, 31, 32, 33, 34, 35, 37, 39, 40, and 41. Defendants continue to work on the various requests at issue and provide the following updates:

    a.   OIP

        i.  OIP has provided an interim response to Plaintiffs for half of the requests submitted to it as relevant to this litigation, specifically:[2]

            1.  Request No. DOJ-2019-003142, *see* Compl. ¶¶ 14-18 and Answer ¶¶ 14-18 & Exs. E-F, on September 6, 2019;

            2.  Request No. DOJ-2019-003213, *see* Compl. ¶¶ 19-23 and Answer ¶¶ 19-23 & Exs. G-H, on September 6, 2019;

            3.  Request No. DOJ-2019-003282, *see* Compl. ¶¶ 24-28 and Answer ¶¶ 24-28 & Exs. I-J, on October 7, 2019;

---

[2] DOJ OIP uses the term "interim response" in this JSR to mean "not final" as to all requests to DOJ OIP at issue in this litigation.  But, with respect to the particular request identified, the "interim response" is "final" for that particular request.

    4. Request No. DOJ-2019-001660, *see* Compl. ¶¶ 48-51 and Answer ¶¶ 48-51 & Exs. S-T, on October 7, 2019;

    5. Request No. DOJ-2019-003135, *see* Compl. ¶¶ 39-43 and Answer ¶¶ 39-43 & Exs. O-P, on December 20, 2019; and

    6. Request No. DOJ-2018-007532, *see* Compl. ¶¶ 52-55 and Answer ¶¶ 52-55 & Exs. U-V, on February 20, 2020.

ii. Regarding the remaining half of the requests submitted to OIP as relevant to this litigation, the parties agreed to the following schedule for proceeding forward.  Defendants have updated the below to indicate their progress:

    1. Before continuing to process its own requests,[3] OIP agreed to process those records referred to it by March 31, 2020, from other DOJ subcomponents regarding requests that are the subject of this litigation.  At the time, OIP had received approximately 655 pages of records referred to it by FBI, OIG, NSD, and OLC.  OIP agreed to first process records referred to it by the FBI by April 30, 2020.  OIP did so and provided Plaintiffs with a Fifth Interim Response on April 30, 2020.  OIP also agreed to process 150 pages of records per month for

---

[3] By "process," OIP means completing its internal review of pages containing records responsive to each request.  OIP cannot guarantee that any pages requiring consultation from other DOJ components or Executive Branch agencies will be completed in the same month that OIP finishes processing a response.  Any pages that do not require consultation, as well as those pages for which the consultation has been completed, will be provided to Plaintiffs on the given production date (including a count of any pages that are withheld in full).

the months of May and June, 2020.  In accordance with its

agreement, OIP provided Plaintiffs with its Sixth Interim

Response on May 29, 2020 and provided Plaintiffs with its

Seventh Interim response on June 30, 2020.  The parties agreed

to reassess this processing rate by June 30, 2020.  Prior to June

30, OIP, via counsel, informed Plaintiffs that nothing had

changed in the last three months to permit OIP to increase its

processing rate.  In the parties' Fifth JSR, OIP agreed to

process 150 records for the months of July and August.  In

accordance with the Fifth JSR, OIP provided Plaintiffs with its

Eighth Interim Response on July 30, 2020, and its Ninth

Interim Response on August 31, 2020.  In the parties' Sixth

JSR, OIP noted that it had received additional referrals from

OIG after May 2020, totaling 465 pages, and that it planned to

use its best efforts to process those pages at the rate of 150

pages per month.  Under such a schedule, OIP projected that it

would finish processing those referred pages by the end of

December 2020.  In the parties' Seventh JSR, OIP noted that it

had provided Plaintiffs with its Tenth Interim Response on

September 30, 2020, and its Eleventh Interim Response on

October 30, 2020, and that OIP was still on schedule to finish

processing the pages referred to it by OIG by the end of

December 2020.  In the parties' Eighth JSR, OIP stated that it

4

had provided Plaintiffs with its Twelfth Interim Response on November 30, 2020, and its Thirteenth Interim Response on December 31, 2020.  With its Thirteenth Interim Response, OIP had processed all records referred to OIP by OIG as of January 15, 2021.  OIP also reported that on December 7, 2020 and January 7, 2021, OLC referred records to OIP for processing.  In the parties' Ninth JSR, OIP stated that it had provided Plaintiffs with its Fourteenth Interim Response on January 29, 2021 and its Fifteenth Interim Response on February 26, 2021.  In the parties' Tenth JSR, OIP stated that it had provided Plaintiffs with its Sixteenth Interim Response on March 31, 2021, and its Seventeenth Interim Response on April 30, 2021.  OIP additionally reported that it had received referrals from OLC on February 8, 2021, March 8, 2021, April 9, 2021, and May 11, 2021, and agreed to continue to use its best efforts to process those records on a monthly basis.  In the parties' Eleventh JSR, OIP stated that it had provided Plaintiffs with its Eighteenth Interim Response on June 1, 2021, and its Nineteenth Interim Response on July 1, 2021, and that it had received additional referrals from OLC, including on June 9, 2021, and July 9, 2021, and agreed to continue to use its best efforts to process those records on a monthly basis.  In the parties' Twelfth JSR, OIP stated it had provided Plaintiffs with

5

its Twentieth Interim Response on July 30, 2021 and its
Twenty-First Interim Response on September 8, 2021, and that
it had completed processing the referrals it received from OLC,
except for certain pages pending consultation with other
Department components and/or Executive Branch agencies.
OIP stated that it would provide a response on these pages once
the consultation process is completed.

    a. **Update**:  in its Twelfth Interim Response letter dated
November 30, 2020, OIP informed Plaintiffs that fifty-
nine (59) pages were pending consultation with another
DOJ component.  On November 23, 2021, in its
Twenty-Fourth Interim Response, OIP notified
Plaintiffs that the consultations were complete and
provided its response on those pages to Plaintiffs.

2. With step 1 complete, OIP has moved on to process records
responsive to Request Nos. DOJ-2019-001757 & 58, *see*
Compl. ¶¶ 7 & 10 and Answer ¶¶ 7 & 10, each of which
contain five subparts.[4]  OIP completed its initial search for
those requests, which resulted in 747 potentially responsive
documents.  OIP provided Plaintiffs with its Twenty-Second

---

[4] Plaintiffs mistakenly identified the number assigned to the request submitted to DOJ on March 28, 2019, *see* Compl. ¶ 10, as DOJ-2019-003320.  Plaintiffs have confirmed that the correct numbers assigned to the substance of the requests alleged in Paragraph 10 of the Complaint are DOJ-2019-001757 & 58, *see* Compl. ¶ 7.  *See also* Answer Exs. A-1, A-2.

Interim Response on September 30, 2021, and its Twenty-Third Interim Response on October 29, 2021.  OIP has now completed its processing of step 2, with the exception of 58 pages that are still pending consultation with other Department components.  OIP will provide a response on these pages once the consultation process is completed.

3. With step 2 almost complete pending the consultation referenced above, OIP moved on to process records responsive to Request No. DOJ-2018-007535 (subsuming 008221, 008222, 008223, & 008224) *see* Compl. ¶¶ 56-59 and Answer ¶¶ 56-59 & Exs. W-X.  OIP completed its initial search for this request, which resulted in 592 potentially responsive documents.  OIP determined that 267 pages contained responsive records.  On January 4, 2022, OIP provided Plaintiffs with its Twenty-Fifth Interim Response in which it released twenty-five (25) pages with redactions, eliminated five pages as duplicative, and informed Plaintiffs that the remaining 237 pages are pending consultation with another DOJ component.   OIP will provide a response on these pages once the consultation process is completed.

4. With step 3 almost complete pending the consultation referenced above, OIP will next process records responsive to Request No. DOJ-2019-000783, *see* Compl. ¶¶ 44-47 and

Answer ¶¶ 44-47 & Exs. Q-R.  OIP has completed its initial searches for 8 of the 24 terms set forth in the request (Plaintiffs have agreed to drop the remaining 16 terms from its request, contingent upon the parties reaching an agreement on a reasonable processing rate).  OIP has identified 548 potentially responsive records, containing 3,843 potentially responsive pages.  On March 4, 2022, OIP provided Plaintiffs with its Twenty-Sixth Interim Response in which it stated that it had processed 306 pages of responsive records, released 260 pages with redactions, withheld 25 pages in full, and sent 21 pages for consultation with another DOJ component and/or Executive Branch agency.  On March 31, 2022, OIP provided Plaintiffs with its Twenty-Seventh Interim Response in which it stated that it had processed 293 pages of responsive records, released 172 pages with redactions, sent 119 pages for consultation with another DOJ component and/or Executive Branch agency, and deemed 2 pages as duplicative.  On May 2, 2022, OIP provided Plaintiffs with its Twenty-Eighth Interim Response in which it stated that it had processed 597 pages of responsive records, released 591 pages with redactions, and sent 6 pages for consultation with another DOJ component and/or Executive Branch agency.  On June 6, 2022, OIP provided Plaintiffs with its Twenty-Ninth Interim Response in which it stated that it had

processed 257 pages, released 39 pages with redactions, and sent 218 pages for consultation with another DOJ component and/or Executive Branch agency.  On July 6, 2022, OIP provided Plaintiffs with its Thirtieth Interim Response in which it stated that it had processed 206 pages, released 116 pages with redactions, and sent 90 pages for consultation with another DOJ component and/or Executive Branch agency.  On July 28, 2022, OIP provided Plaintiffs with its Thirty-First Interim Response in which it stated that it had processed 212 pages, released 160 pages with redactions, and sent 52 pages for consultation with another DOJ component and/or Executive Branch agency.  On September 1, 2022, OIP provided Plaintiffs with its Thirty-Second Interim Response in which it stated that it had processed 239 pages, all of which have been sent for consultation with another DOJ component and/or Executive Branch agency.[5]  OIP will continue to process pages

---

[5] OIP also reported in its Thirty-Second Interim Response on a number of outstanding consultations that had been pending, totaling 388 pages.  Specifically, OIP noted that the consultation process has been completed for the four pages pending consultation from its June 29, 2020 interim response, the twenty-six pages pending consultation from its December 31, 2020 interim response, the forty-five pages pending consultation from its February 26, 2021 interim response, the twenty pages pending consultation from its April 30, 2021 interim response, the remaining four pages pending consultation from its June 1, 2021 interim response, the fifty-two pages pending consultation from its July 2, 2021 interim response, and the 237 pages pending consultation from its January 4, 2022 interim response.  With its response, OIP released 307 pages with redactions, withheld 65 in full, and deemed 16 pages as duplicative.

responsive to this request on a monthly basis and as the
consultation process allows.

5.   Once step 4 is complete, OIP will next process records
     responsive to the three subparts of Request No. DOJ-2019-
     003295, *see* Compl. ¶¶ 29-33 and Answer ¶¶ 29-33 & Exs. K-L
     5.  OIP has completed its initial search for those requests.  The
     search resulted in 64,610 potentially responsive documents for
     subpart 1, 43,124 potentially responsive documents for subpart
     2, and 5,279 potentially responsive documents for subpart 3,
     but these results do not reflect de-duplication or elimination of
     press clippings or other such records that Plaintiffs have agreed
     to eliminate.  (Plaintiffs have also agreed to drop subpart 1
     from its request and to limit subpart 2 to a cutoff date of April
     18, 2019, instead of the date of the search, contingent upon the
     parties reaching an agreement on a reasonable processing
     rate.).

6.   Once step 5 is complete, OIP will next process records
     responsive to Request No. DOJ-2019-003452, *see* Compl. ¶¶
     34-38 and Answer ¶¶ 34-38 & Exs. M-N, which has three
     subparts. OIP has completed its initial searches for subparts 1
     and 2.  Those initial searches have returned volumes of 8,117
     potentially responsive documents (subpart 1) and 58,959
     potentially responsive documents (subpart 2), but these results

do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate. (Plaintiffs have also agreed to limit subpart 2 to a cutoff date of April 18, 2019, instead of the date of the search, contingent upon the parties reaching an agreement on a reasonable processing rate.)  The search for subpart 3 was completed on the date of this filing and returned 194,466 documents, but these results do not reflect de-duplication or elimination of press clippings or other such records that Plaintiffs have agreed to eliminate.  The parties will meet and confer about the scope of subpart 3 of this request.

b.   FBI

   i.  With respect to the four requests directed at the FBI, the FBI completed its search and provided a response on January 31, 2020, with one exception:

   1.  For Request No. 1368241-000, *see* Compl. ¶¶ 78-83 and Answer ¶¶ 78-83 & Exs. HH-KK, the FBI anticipated reviewing approximately 500 potentially responsive pages per month, with the first production of any responsive, non-exempt records on March 31, 2020.  However, as previously reported, due to the COVID-19 virus, the FBI's FOIA processing section, the Record/Information Dissemination Section ("RIDS"), ceased processing on March 17, 2020.  On April 29,

11

2020, RIDS resumed operations on a very limited basis.  By letter dated May 29, 2020, the FBI processed 35 pages and released the non-exempt portions thereof to Plaintiffs.  On June 8, 2020, RIDS resumed full operations.  By letter dated June 30, 2020, the FBI processed 164 pages and released the non-exempt portions thereof (7 pages).  The FBI had anticipated completing its processing for this litigation by September 30, 2020.  However, during the processing of the responsive records, the FBI identified an additional, potentially responsive record, and determined that further searching was required.[6] Meanwhile, on September 18, 2020, the FBI processed 41 pages and released the non-exempt portions thereof (28 pages). In the Seventh JSR, the FBI agreed to use its best efforts to complete its responsiveness review by November 30, 2020, and to thereafter assess the results and suggest a processing schedule to Plaintiffs.  In the Eighth JSR, the FBI reported that on November 30, 2020, the FBI informed Plaintiffs that it had finished its responsiveness review and identified a potentially responsive page count estimated to be approximately 350 pages, which may fluctuate in the course of processing.  The FBI proposed to use its best efforts to complete this processing

---

[6] The FBI has since completed the additional searching and reviewed the results for responsiveness.

by February 26, 2021.  However, on December 7, 2020, in response to the resurgence of COVID-19, the FBI FOIA office reduced its staffing by approximately 50%.  Due to this reduction in staffing, the FBI reported that it anticipated processing approximately 175 pages of records by February 26, 2021, and processing the remainder by March 30, 2021.

2. On February 26, 2021, the FBI notified Plaintiffs that it had processed 179 pages and was releasing to Plaintiffs 18 pages of records with redactions.  On March 31, 2021, the FBI notified Plaintiffs that it had completed processing the remaining 168 pages and was releasing 7 pages of records with redactions. The FBI sent some of the records it had processed for consultation to other government agencies.  On April 30, 2021, FBI notified Plaintiffs that it had received a portion of those records back and released one page to Plaintiffs with redactions.  On August 31, 2021, the FBI notified Plaintiffs that it had received another portion of those records back from consultation, had processed 65 pages and were withholding all in full.  As of the filing of the parties' Twelfth JSR, the FBI was still awaiting the return of 16 pages of records it sent for consult.  On October 29, 2021, the FBI notified Plaintiffs that it had completed processing ten of the sixteen pages and was releasing one of those ten pages with redactions.  The FBI

reported that it had received the other six pages and anticipated completing its processing of those pages by the end of this March 2022.  Further, FBI reported having received 127 pages that it had previously sent out for consult and neglected to account for in previous JSRs.  FBI anticipated that it could complete this processing by the end of March 2022.

3. On October 15, 2021, the FBI received 94 pages directly referred from OIG for processing.  FBI identified some possible remaining OIG equities and has consulted with OIG to address those concerns.  The FBI anticipated that it could complete this processing by the end of May 2022.

   a. **Update**: on April 11, 2022, the FBI notified Plaintiffs that it had completed its processing of Request No. 1368241-000.  With that release, the FBI notified Plaintiffs that it had reviewed 133 pages and released 45 pages with redactions, withholding the remainder in full.

4. The FBI has completed processing all records responsive to the requests directed at it in this litigation.  It received a tranche of records totaling 62 pages from OIP on consultation and, as was anticipated in the prior status report, completed the consultation by the end of June, and returned the records to OIP for final processing.  To the extent the FBI receives from

the other Defendants in this litigation any potentially
responsive records on consultation or as a direct referral, it will
process those records in due course.

c. DOJ NSD

   i. DOJ NSD Request No. PA 18-125, *see* Compl. ¶¶ 60-63 and Answer
      ¶¶ 60-63 & Exs. Y-Z:

      1. DOJ NSD completed its search and provided interim responses
         on October 31, 2019, December 23, 2019, and February 21,
         2020.  NSD referred 125 pages to DOJ OIP on March 27,
         2020.  OIP processed 29 pages and released all nonexempt
         portions thereof (4 pages) to Plaintiffs on July 30, 2020 as part
         of its Eighth Interim Response.  OIP processed the remaining
         96 pages and release all nonexempt portions thereof (42 pages)
         as part of its Ninth Interim Response on August 31, 2020.
         NSD issued its final response to Plaintiffs on October 30, 2020.

   ii. DOJ NSD Request No. PA 18-317, *see* Compl. ¶¶ 72-77; Answer
      ¶¶ 72-77 & Exs. EE-GG:

      1. NSD issued a final response to Plaintiffs on October 15, 2019.

d. DOJ OLC

   i. DOJ OLC No. FY18-192, *see* Compl. ¶¶ 68-71; Answer ¶¶ 68-71 and
      114-116 & Exs. CC-DD:

      1. This request seeks a subset of the records sought in part 1 of
         Request No. FY19-127, addressed below.

15

ii.   DOJ OLC No. FY19-127, Compl. ¶¶ 114-116; Answer ¶¶ 114-116 &
      Exs. DDD-EEE:

1.  OLC has completed its initial search for records to both parts
    of this request.

2.  OLC has identified records responsive to subpart 1 of the
    request.  OLC has processed these records, withholding some
    in full and referring the remainder to DOJ OIP for its review as
    of the date of this filing.

3.  OLC has identified more than 5,000 records potentially
    responsive to subpart 2 of the request.  OLC is processing the
    resulting responsive records.  On September 14, 2020, OLC
    issued a partial response to Plaintiffs in which it stated that it
    had processed 61 responsive documents, totaling 260 pages,
    was releasing 33 documents totaling 65 pages, with redactions
    pursuant to FOIA Exemptions 5 and 6, and was withholding in
    full the remaining 28 documents totaling 195 pages pursuant to
    Exemption 5.  In the Seventh JSR, OLC noted that it was
    continuing to process responsive records and would do so on a
    monthly basis.  In the Eighth JSR, OLC reported that on
    December 7, 2020, it issued a partial response to Plaintiffs in
    which it stated that it had processed 27 responsive documents,
    totaling 306 pages, was withholding three documents totaling
    eight pages in full pursuant to FOIA Exemption 5, and had

16

referred 24 documents totaling 298 pages to OIP for direct
response to Plaintiffs.  On January 7, 2021, OLC issued
another partial response to Plaintiffs in which it stated that it
had processed 57 responsive documents, totaling 342 pages,
was releasing 7 documents totaling 9 pages, with redactions
pursuant to FOIA Exemptions 5 and 6, and had referred the
remaining 50 responsive documents totaling 333 pages to OIP
for direct response to Plaintiffs.  OLC agreed to continue to use
its best efforts to process responsive records on a monthly
basis.

4. On February 7, 2021, OLC issued a partial response to
Plaintiffs in which it stated that it had processed 77 responsive
documents, totaling 230 pages, had referred 75 pages of the
responsive documents totaling 230 pages to OIP for direct
response to Plaintiffs, and had withheld the remaining two
responsive documents totaling 19 pages pursuant to FOIA
Exemption 5.  On March 8, 2021, OLC issued a partial
response to Plaintiffs in which it stated that it had processed 65
responsive documents, totaling 234 pages, was releasing 2
documents totaling 3 pages, with redactions pursuant to FOIA
Exemptions 5 and 6, and had referred the remaining 63
responsive documents totaling 231 pages to OIP for direct
response to Plaintiffs.  On April 9, 2021, OLC issued a partial

17

response to Plaintiffs in which it stated that it had processed 50 responsive documents, totaling 143 pages, had referred 37 responsive documents totaling 110 pages to OIP for direct response to Plaintiffs, and had withheld in full 13 documents totaling 33 pages pursuant to FOIA Exemption 5.  On May 11, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 73 responsive documents, totaling 205 pages, and had referred all 205 pages to OIP for direct response to Plaintiffs.  On June 9, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 47 responsive documents, totaling 158 pages, and had referred all 47 documents to OIP for direct response to Plaintiffs.  On July 9, 2021, OLC issued a partial response to Plaintiffs in which it stated that it had processed 19 responsive documents, totaling 165 pages, had referred 17 documents totaling 135 to OIP for direct response to Plaintiffs, and had withheld in full 2 documents totaling 30 pages pursuant to FOIA Exemption 5.

a. OLC has completed its initial processing of records potentially responsive to subpart 2 of the request.  It is awaiting receipt of thirty pages it sent for consultation and will process those upon their return.

18

e.   DOJ OIG

i.   DOJ-OIG No. 18-OIG-183, *see* Compl. ¶¶ 64-67 and Answer ¶¶ 64-67
& Exs. AA-BB:

1.   OIG completed its search for potentially responsive,
unclassified records and issued an interim response on
December 23, 2019.  OIG then processed potentially
responsive, unclassified material and provided five productions
to OIP for pre-release review:  91 pages (sent on March 27,
2020), 82 pages (sent on May 14, 2020), 97 pages (sent on
June 26, 2020), 176 pages (July production, sent to OIP on
August 24, 2020, due to OIG deliberation) and 192 (sent
August 24, 2020), for a total of 638 pages.  In the Eighth JSR,
OIG reported that it had completed additional processing steps
on all 638 pages after consultation with OIP and that OIP had
finalized the processing of all 638 pages.  OIG agreed to
process a last tranche of 168 pages of potentially responsive,
unclassified material by the end of January 2021.  OIG
processed the last tranche of 168 pages of potentially
responsive, unclassified material and provided it to OIP for
pre-release review on January 27, 2021.  This concluded OIG's
processing for unclassified material responsive to DOJ-OIG
No. 18-OIG-183.

2. OIG completed its search for potentially responsive, classified records and found 94 pages classified at the Top Secret level. OIG processed all 94 pages and sent them out for direct referral to the FBI.  The FBI identified possible OIG equities remaining in those records and consulted further with OIG to address those concerns.  OIG completed its additional review of its equities in the 94 pages and returned the materials to FBI for direct referral on February 17, 2022.  OIG has finished processing this request.

ii. DOJ-OIG, No. 17-OIG-226, *see* Compl. ¶¶ 87-90; and Answer ¶¶ 87-90 & Exs. NN-OO:

1. OIG provided a final response to Plaintiffs on July 14, 2017. *See* Answer at Ex. OO.

f. ODNI

i. Regarding the two requests directed at ODNI, *see* Compl. ¶¶ 84-86 and 97-100; Answer ¶¶ 84-86 and 97-100 & Exs. LL-MM and TT-UU, ODNI provided its final response to Plaintiffs on October 16, 2019.

5. In light of the parties' ongoing discussions, and the Government's continued efforts to search for, review, process, and produce non-exempt records responsive to the requests alleged in the Complaint, the parties believe it is premature to establish a briefing schedule for this litigation.  Instead, they will file another joint status report with the Court on **November 21, 2022**, pursuant to the Court's May 14, 2021, Minute Order.

DATE:  September 21, 2022                    Respectfully submitted,

                                            /s/ *Josh Loevy*
                                            Josh Loevy, D.C. Bar No. IL0105
                                            (E-Mail:  foia@loevy.com)
                                            LOEVY & LOEVY
                                            311 N. Aberdeen, Third Floor
                                            Chicago, Illinois 60607
                                            Tel.: (312) 243-5900
                                            Fax: (312) 243-5902

                                            *Counsel for Plaintiffs*

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            MARCIA BERMAN
                                            Assistant Branch Director, Federal Programs

                                            /s/ *Jonathan D. Kossak*

                                            JONATHAN D. KOSSAK
                                            Trial Attorney (DC Bar # 991478)
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, D.C. 20005
                                            Tel. (202) 305-0612
                                            Fax (202) 616-8470
                                            Email:  jonathan.kossak@usdoj.gov

                                            *Counsel for Defendants*